61 F.3d 918
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hordon H. EVONO, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 95-3330.
 United States Court of Appeals, Federal Circuit.
 July 12, 1995.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Hordon H. Evono seeks review of the decision of the Merit Systems Protection Board (Board) in Docket Number AT-0330-94-0571-I-1, dismissing his appeal for lack of jurisdiction.[1] We affirm.
 
 DISCUSSION
 
 2
 The United States Marshals Service employed Evono as a Deputy United States Marshal until March 31, 1984, when the Office of Workers' Compensation (OWCP) granted him disability retirement on the basis of hearing loss. In 1994, Evono claimed that he had totally recovered from his disability, and requested that the Department of Justice (agency) place him in its reemployment priority placement program. After the agency did so, he applied for several positions as a Criminal Investigator with the United States Immigration and Naturalization Service in Miami, Florida, but was not selected for those positions. Evono appealed his non-selection to the Board.
 
 
 3
 Before the Board, Evono claimed that the agency had improperly denied him his reemployment priority rights, because he was not selected for one of the Criminal Investigator positions. The Board stated that in order to be "fully recovered" from a compensable injury, and thus to be eligible for reemployment priority rights, a person must no longer be receiving compensation benefits. Evono did not dispute that he was still receiving compensation benefits. Accordingly, the Board held that he had not "fully recovered" from his compensable injury, and that he had no reemployment priority rights under the agency's priority placement program. Therefore, the Board concluded that it lacked jurisdiction.
 
 
 4
 This court must affirm the decision of the Board unless it is (i) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (ii) obtained without procedures required by law, rule, or regulation having been followed; or (iii) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed. Cir. 1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 Evono's principal argument on appeal is that "[p]hysical qualification for a position under 5 C.F.R. [Sec.] 353.304(b) and the definition of fully recovered under 5 C.F.R. [Sec.] 353.102 are separate conditions."[2] He claims that because he had physically recovered from his injury, and "has no control in the administration of the OWCP program," he need not satisfy the "condition" in Sec. 353.102 that he no longer receive compensation benefits to be considered fully recovered. We disagree.
 
 
 6
 Section 330.204, entitled "Eligibility due to compensable injury," allows a former competitive service employee separated because of compensable injury, if he or she has "fully recovered" from the disability more than one year after compensation began, to be placed on the reemployment priority list. 5 C.F.R. Sec. 330.204 (1995). It further states that "Part 353 of this chapter contains information on eligibility," and Sec. 353.102 states that "[f]ully recovered" means that compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he left or an equivalent one." 5 C.F.R. Sec. 353.102 (1995) (emphasis in original). The Board's conclusion that Evono is not fully recovered within the meaning of the regulations, so long as he continues to receive compensation benefits, is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.
 
 
 
 [1]
 The August 15, 1994 initial decision of the administrative judge became the final decision of the Board on March 1, 1995, when the Board denied Evono's petition for review
 
 
 [2]
 We have considered Evono's remaining contentions and have found them to be without merit